UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

TOMMY JONES,

                        Plaintiff,          COMPLAINT
                                                    10 CV 3169 (BSJ)(THK)

         - against -

THE CITY OF NEW YORK, ODELLE DESPOT,
JOHN DOE 1 and JOHN DOE 2, the names
being presently unknown and fictitious,
employees of the New York City Police
Department,
                                                         Jury Trial Demanded
                         Defendants.

------------------------------------------------------------------x

       Tommy Jones, by his attorney, Matthew Flamm, alleges the following upon information and belief as his Complaint:

## Nature of the Action

       1.    This civil rights action arises from defendants' October 24, 2009 arrest of Tommy Jones on the claim that he criminally trespassed in a New York City Housing Authority-owned building, and the resulting strip-search and prosecution. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

## Jurisdiction and Venue

       2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiff requests that this Court exercise pendent jurisdiction

over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

3. Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

Parties

4. Plaintiff Tommy Jones is a citizen of the United States of America residing in the State and City of New York, County of Kings. He is African-American and resides at 1414 Bergen Street in Brooklyn, New York, an apartment building owned by the New York City Housing Authority and part of a public housing development known as the Albany Houses.

5. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6. Defendants Odelle DESPOT, Shield 16190, JOHN DOE 1 and JOHN DOE 2 (collectively the "individual defendants") were at all times relevant duly appointed and acting police officers employed by the New York City Police Department and assigned, upon information and belief, to the Housing Bureau's Police Service Area 2 in Brooklyn, New York.

7. At all times relevant, the individual defendants were acting under color of state law.

8. The individual defendants involved in the incidents underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of New York.

### Notice of Claim

9. On or about January 15, 2010, and within ninety days after claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

10. The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

11. The Notice of Claim set out the nature of claims, the time when, the place where and manner by which claims arose, and the damage and injuries claimed to have been sustained.

12. The City of New York assigned the claim number 2010PI006431.

13. The City of New York has neglected and failed to adjust the claims within the statutory time period.

14. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

### Facts Underlying
### Plaintiff's Claims for Relief

15. On October 24, 2009 at approximately 12:30 p.m. at and around plaintiff's home at 1414 Bergen Street, Brooklyn, New York, the John Doe defendants unlawfully accosted, handcuffed and arrested plaintiff. They thereafter strip-searched Mr. Jones and caused him to be charged with criminally

trespassing in 162 Troy Avenue, an adjacent building in the same New York City Housing Authority development in which plaintiff lives.

16.     Mr. Jones was prosecuted under Kings County Docket No. 2009KN096056 on charges of criminal trespass in the second degree (P.L. §140.15, an A misdemeanor punishable by up to one year in jail), criminal trespass in the third degree charge (P.L. §140.10[e], a B misdemeanor punishable by up to one year in jail) and trespass (P.L. §140.05, a violation).  Plaintiff was required under threat of arrest to appear in Criminal Court until the charges were dismissed on the motion of the District Attorney on March 26, 2010, five months and three court appearances after the arrest.

17.     Plaintiff Tommy Jones is a long-time resident of the New York City Housing Authority-owned public housing development known as the Albany Houses,/[1] having lived there for nearly thirty years.  Mr. Jones is forty-seven years of age and worked as a printer for National Beatty Page, Inc. from 1984 to 2002. Since 2002, he has worked at Cab Plastics and for the New York City Parks Department.

18.     Mr. Jones currently resides at 1414 Bergen Street but has also lived at 162 Troy Avenue.  He has friends and acquaintances who live in the Albany Houses and with whom he visited and socialized.

19.     On October 24, 2009, Mr. Jones was visiting at the home of one such friend, Sharon Murphy, a tenant at 162 Troy Avenue, apartment 12G.  As he had regularly done before, Mr. Jones had run some errands for Ms. Murphy.  He

---

1. The Albany Houses consist of nine buildings with approximately twelve hundred apartments and three thousand residents.  It is bounded by Albany Avenue, Troy Avenue, Park Place and St. Marks Avenue.  http://www.nyc.gov/html/ nycha/html/developments/ bklynalbany.shtml.

had come by her apartment that day and picked up money to buy her soup, lotto tickets and envelopes and stamps and then returned to bring her the items. See Exh. 1: Affidavit of Sharon Murphy.

20.     When Mr. Jones walked home and entered the lobby of his apartment building, he was approached and accosted by JOHN DOE 1, who was in uniform.  JOHN DOE 1 stopped Mr. Jones without objective individualized suspicion that plaintiff had committed a crime and questioned him about from where he was coming.  Mr. Jones, who did not believe he was free to leave, presented identification and told JOHN DOE 1 that he had been to the store and had visited with Ms. Murphy at 162 Troy.  JOHN DOE 2 entered the lobby at around this time.

21.     Mr. Jones was a lawful visitor at Sharon Murphy's home at 162 Troy Avenue and the JOHN DOE defendants made no effort to confirm the *bona fides* of plaintiff's visit to Mr. Murphy's home.

22.     The DOE defendants instead handcuffed plaintiff while standing in the lobby of his apartment building, searched through his pockets and eventually walked him to a patrol car.  The DOE defendants drove Mr. Jones to nearby St. John's Park, where they transferred plaintiff to a Police van and into the custody of other New York City Police Officers, including defendant DESPOT.

23.     Plaintiff was eventually taken, upon information and belief, to PSA 2 at 560 Sutter Avenue where defendant DESPOT fingerprinted, photographed and strip-searched plaintiff.

24.     Defendant DESPOT conducted the strip-search in the presence and with the assistance of defendant JOHN DOE 2.  Plaintiff was directed to pull his

pants and underwear down.  Mr. Jones complied and the two defendants visually inspected plaintiff for contraband; neither had latex gloves or a clip board with which to records the results, and, upon information and belief, there may be no record of the search.  The unlawful search uncovered no contraband, drugs, drug paraphernalia or, indeed, any evidence of any wrongdoing.

25. Upon information and belief, one or more of the individual defendants and other New York City Police personnel conferred and decided to charge Mr. Jones.  Defendant DESPOT released Mr. Jones after preparing and serving a Desk Appearance Ticket falsely charging criminal trespass in the third degree and directing that, under threat of arrest, plaintiff appear in Court on December 3, 2009 to answer the charges.

26. Mr. Jones hired a criminal defense attorney and was forced to go to criminal court on three occasions over five months until the charges against him were dismissed on March 26, 2010.

27. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful arrest, strip-search and prosecution of Mr. Jones.

28. Defendants' acts and omissions caused Mr. Jones to suffer mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.  Plaintiff suffered a loss of dignity in being publicly arrested in his own apartment building in a housing development in which he has lived for nearly thirty years.  He suffered extreme humiliation and emotional pain in being subjected to a strip-search.  Mr. Jones remains fearful and

upset and has changed his routines, visiting less with friends, or not visiting at all.  He suffered mild physical pain from the handcuffs.

29. The individual defendants, at all times relevant, and in arresting, handcuffing and imprisoning plaintiff, in offering false evidence to the District Attorney, in bringing false charges against plaintiff, and in subjecting Mr. Jones to a humiliating strip-search, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

30. Plaintiff repeats the allegations of paragraphs 1-29 as though fully stated herein.

31. By the actions described above, the individual defendants deprived Mr. Jones of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

32. As a consequence thereof, Tommy Jones has been injured.

SECOND CLAIM FOR RELIEF
FOR VIOLATING PLAINTIFF'S RIGHT
TO BE FREE FROM UNREASONABLE SEIZURES UNDER ARTICLE
ONE, SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION

33. Plaintiff repeats and realleges paragraphs 1-29 as though fully stated here.

34. By the actions described above, the individual defendants deprived Tommy Jones of rights secured by the Constitution of the State of New York, including, but not limited to Mr. Jones' right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

35. As a consequence thereof, Tommy Jones has been injured.

<u>THIRD CLAIM FOR RELIEF FOR FALSE IMPRISONMENT</u>

36. Plaintiff repeats the allegations of paragraphs 1-29 as though fully stated herein.

37. By reason of the foregoing, plaintiff was intentionally detained and confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

38. As a consequence thereof, Tommy Jones has been injured.

FOURTH CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE
FROM UNREASONABLE FORCE UNDER THE FOURTH AND
<u>FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION</u>

39. Plaintiff repeats the allegations of paragraphs 1-29 above as though fully stated herein.

40. By the actions described above, the individual defendants deprived Mr. Jones of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free from excessive and unreasonable force.

41. As a consequence thereof, Tommy Jones has been injured.

FIFTH CLAIM FOR RELIEF
FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE
FROM UNREASONABLE FORCE UNDER ARTICLE ONE,
SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION

42. Plaintiff repeats and realleges paragraphs 1-29 as though fully stated here.

43. By the actions described above, the individual defendants deprived Tommy Jones of rights secured by the New York State Constitution, including, but not limited to, the right to be free from excessive and unreasonable force.

44. As a consequence thereof, Tommy Jones has been injured.

SIXTH CLAIM FOR RELIEF FOR ASSAULT

45. Plaintiff repeats the allegations of paragraphs 1-29 as though fully stated herein.

46. By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

47. As a consequence thereof, Tommy Jones has been injured.

SEVENTH CLAIM FOR RELIEF FOR BATTERY

48. Plaintiff repeats the allegations of paragraphs 1-29 as though fully stated herein.

49. By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

50. As a consequence thereof, Tommy Jones has been injured.

### EIGHTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION
### IN VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTH AND
### FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

51.     Plaintiff repeats the allegations of paragraphs 1-29 as though fully stated herein.

52.     The individual defendants, without probable cause and with actual malice, commenced or allowed the commencement of a criminal proceeding against Mr. Jones.

53.      Mr. Jones suffered a deprivation of liberty resulting from government seizure in the form of legal process, being compelled, under threat of issuance of an arrest warrant and arrest, to appear in Criminal Court to contest the baseless charge.

54.     As a consequence thereof, Tommy Jones has been injured.

### NINTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
### TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

55.     Plaintiff repeats the allegations of paragraphs 1-29 as though fully stated herein.

56.     The individual defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Jones was subjected, despite having a reasonable opportunity to do so.

57.     As a consequence thereof, Tommy Jones has been injured.

### TENTH CLAIM FOR RELIEF FOR NEGLIGENCE

58.     Plaintiff repeats the allegations of paragraphs 1-29 as though fully stated herein.

59. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to instruct, supervise, monitor and control its Police Officer, including instructing, supervising, monitoring and controlling the individual defendants herein.

60. Defendant City's enforcement of criminal trespass laws in New York City Housing Authority-owned properties without adequate training, supervision, monitoring or control directly resulted in the illegal stop, seizure, questioning, search, false arrest and false prosecution of Tommy Jones and other residents of and authorized visitors to New York City Housing Authority-owned properties such as the Albany Houses.

61. As a consequence thereof, Tommy Jones has been injured.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A) Declaratory relief as follows:
1. A declaration that plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated;
2. A declaration that plaintiff's right to be free from unreasonable seizures under the New York State Constitution was violated;
3. A declaration that plaintiff's right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

       4.     A declaration that plaintiff's right to be free from unreasonable and excessive force under the New York State Constitution was violated;

       5.     A declaration that plaintiff's right to be free from malicious prosecution under the United States Constitution was violated;

(B)    Compensatory damages in an amount to be fixed at trial;

(C)    By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from defendants Despot, Doe 1 and Doe 2 in an amount to be fixed at trial;

(D)    An award to plaintiff of the costs and disbursements herein;

(E)    An award of attorney's fees under 42 U.S.C. §1988; and

(F)    Such other and further relief as this Court may deem just and proper.

Dated:     April 14, 2010
             Brooklyn, New York

_____
Matthew Flamm
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117

# EXHIBIT 1

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS PART AP-2
-----------------------------------------------------------------x

People of the State of New York

- against -

Tommy Jones,
     Defendant

Docket No.
2009KN096056

-----------------------------------------------------------------x

STATE OF NEW YORK )
         : SS.:
COUNTY OF KINGS  )

Sharon Murphy, being duly sworn, deposes and says:

1. I am a tenant at 162 Troy Avenue, Brooklyn, an apartment building that is part of the Albany Houses and is managed by the New York City Housing Authority. I live in apartment 12G. Tommy lives at 1414 Bergen Street, which is also part of the Albany Houses.

2. Tommy Jones, the defendant in this criminal case, is my friend. He was arrested for trespassing in my building on October 24, 2009 when he came to visit my apartment. Tommy had run an errand for me, as he had regularly done before, and had come by my apartment ~~first~~ to pick up money to buy me envelopes and stamps, soup and lotto tickets and then to bring me the items. .S.M

3. This is to attest that Tommy Jones is an invited guest of mine and was an invited guest of mine at 162 Troy Avenue on October 24, 2009, the date of his arrest.

4. Everything contained in this writing is accurate and I have not been forced to sign this affidavit.

5. Attached hereto and made a part hereof are duplicates of my citibank ~~Statement~~ & NYSID card, SM a form of identification indicating my residence at 162 Troy Avenue in Brooklyn, New York.

              _Sharon Murphy_ (signature)
              Sharon Murphy

Signed before me
this 18th day of March 2010
   25
_____
Matthew Flamm
Notary Public State of New York
Registration No. 02FL4994806
Qualified in Kings County
Commission Expires 6/9/2010





# citibank

Citibank Client Services
PO Box 769013
San Antonio, TX 78245-9013

000

SHARON A MURPHY
LATOYA A MURPHY
162 TROY AVE APT. 12G
BROOKLYN NY 11213-2225

I..I..II..I..II..I.I..I..II..II..I..II..II..II

## CITIBANK® EZ CHECKING AS OF JANUARY 31, 2010

Relationship Summary:

Checking
Savings
Investments
(not FDIC insured)
Loans
Credit Cards



Citibank would like to wish y[ou]
happy and healthy

## CITIBANK® EZ CHECKING RATES AND CHARGES

### SUGGESTIONS AND RECOMMENDATIONS

If you make a deposit in California or Nevada and the Home Branch of your account is not loca[ted in California or Nevada,]
we will treat your deposit as being received on the next Business Day after the day of deposit.